UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL W. KENNY,

    Plaintiff,

v.                                                   Case No: 8:18-cv-2231-T-36JSS

CRITICAL INTERVENTION SERVICES,
INC. and KARL C. POULIN,

    Defendants.
_____/

# ORDER

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Julie S. Sneed on December 14, 2018 (Doc. 27). In the Report and Recommendation, Magistrate Judge Sneed recommends that the Court deny Defendants' Motion to Stay Proceedings and to Establish Procedure to Determine Amount of Attorneys' Fees (the "Motion") (Doc. 17).

All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections under 28 U.S.C. § 636(b)(1). Defendants filed their Objection (Doc. 29), to which Plaintiff responded (Doc. 32). Upon consideration of the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Objection should be overruled, the Report and Recommendation should be adopted and the Motion denied.

    **I.    Background**

Plaintiff, Michael W. Kenny obtained a position with Defendant Critical Intervention Services, Inc. ("CIS") as an armed protection officer. Kenny signed a non-compete agreement which purported to restrict him from working for, or engaging in, any business that competes with

CIS or any of its affiliates. Kenny also completed a 70-hour unpaid training course at Safety & Intelligence Institute, Inc., one of CIS' affiliates. Kenny brings this case alleging a violation of the Fair Labor Standards Act (the "FLSA") to pursue compensation for his time spent in the training course. *See* Doc. 1.

Shortly after Kenny filed the Complaint, Defendants' counsel contacted Kenny's attorney to negotiate a settlement. Several phone calls and emails ensued. Ultimately, Defendants sent Kenny's attorney a letter with certified checks for full tender of Kenny's statutory damages under the FLSA, less attorneys' fees. They offered $6,000 in attorneys' fees to resolve the entire case. Kenny counteroffered with $15,000.

It is Defendants' position that Kenny's claim is now either moot or concluded or both, and all that remains is the issue of his entitlement to and the amount of attorneys' fees. Defendants insist that the Court may stay the case on all issues except the attorneys' fees and establish a procedure to determine the reasonableness of Kenny's attorneys' fees. Doc. 17 at 6. Kenny argues that prior to the Court evaluating his entitlement to and the reasonableness of his attorneys' fees, he must first obtain a judgment, consent decree, or settlement approved by the Court; none of which has occurred.

## II. Legal Standard

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). Regarding those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in

whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

### III. Discussion

Under Section 216 of the FLSA, a prevailing party is entitled to "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Such prevailing parties are limited to recovering those costs enumerated in 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp*., 841 F.2d 1567, 1575 (11th Cir. 1988); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp*., 229 F.3d 1012, 1039 (11th Cir. 2000).

Under the FLSA, a plaintiff must either obtain a judgment on the merits or some other judicially-sanctioned "alteration in the legal relationship of the parties" to be considered a prevailing party. *De Oliveira Sa v. A-Maculate Cleaning Serv., Inc.*, 17-CV-21400, 2018 WL 4426084, at *1 (S.D. Fla. June 7, 2018) (quoting *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res*., 532 U.S. 598, 604-05 (2001)).

The magistrate judge entered a Report and Recommendation ("R&R") which provides that the FLSA provides for an award of attorneys' fees only to a prevailing plaintiff, citing *Wolff v. Royal Am. Mgt., Inc*., 545 Fed. Appx. 791 (11th Cir. 2013). In *Wolff*, the Eleventh Circuit stated that "in the absence of a judgment on the merits, to be a prevailing party, the FLSA plaintiff needs a stipulated or consent judgment or its 'functional equivalent' from the district court evincing the court's determination that the settlement 'is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions.' " *Id*. (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor,* 679 F.2d

1350, 1375 (11th Cir. 1982)). The *Wolff* court ultimately affirmed the district court's holding that the former employee's acceptance of a check for statutory damages did not render her FLSA claim moot; she retained her right to recover attorneys' fees and costs.

Defendants cite *Wolff* as well. But they argue that it, and other cases like it, differ because here they agree that Kenny is entitled to fees and costs. Doc. 28 at 4. The issue, as Defendants put it, is a "fundamental unfairness" which gives Kenny's attorney "improper leverage" to impede resolution of the FLSA claim by litigating the issue of fees. *See id*. at 5. And they contest the imposition of a money judgment with which they disagree, particularly given the fact that they are willing to pay it, without admitting liability, to avoid further litigation. *Id*.

Ultimately, the magistrate judge concluded that because Kenny's Complaint included a demand for relief including his attorneys' fees, costs, and expense of litigation under 29 U.S.C. § 216(b), Doc. 1 at 7, and he has not accepted Defendants' tender offer, Doc. 21 at 5, no basis exists for the Court to review the reasonableness of Kenny's attorneys' fees. Doc. 27 at 4.

Defendants object to the following four factual and legal conclusions in the R&R: the Court has no procedure to evaluate the reasonableness of attorneys' fees absent either a proposed settlement agreement or final judgment, Doc. 27 at 2; Kenny has not accepted the tender offer, *id*. at 5; Defendants' tender and concession is not the functional equivalent of a judgment, *id*. at 4; and Defendants cannot waive the procedural protections, *see id*. at 4. Doc. 29 at 2-3.

Kenny's response primarily reargues his opposition to the Motion. But he clarifies that he has since returned the tendered checks to Defendants. Ultimately, Kenny states that Defendants' attempt at absolving themselves of liability by tendering the statutory fees cannot entitle him to attorneys' fees, and consequently, the Court cannot determine the reasonableness of the fees.

The Court agrees with Kenny's position and the magistrate judge's recommendation. Despite continually insisting that the Court should implement a procedure to determine the

reasonableness of the attorneys' fees, Defendants point to no authority justifying the Court's determination of the reasonableness of attorneys' fees absent judgment, settlement with a consent decree, or its functional equivalent. Defendants discuss an offer of judgment as an example of a "functional equivalent" which triggers the Court's authority to determine the reasonableness of the fees. *See* Doc. 29 at 7. Yet, they made no such offer to Kenny. *See* Doc. 32 at 7.

The case law is clear, a triggering event must establish plaintiff as the prevailing party before the Court can assess the reasonableness of the attorneys' fees. The fact that the liability issue may be moot does not mean that the Court can now *sua sponte* decide reasonableness. The triggering mechanism is a judgment, settlement including a consent decree, or its functional equivalent; none of which appears in the record.

## IV. Conclusion

The Court has reviewed the Magistrate Judge's R&R *de novo* and accepts the recommended disposition. The R&R appropriately reviewed the law on this subject under the correct standard and concluded that no basis for the Court's determination of the reasonableness of attorneys' fees at this time exists. The Court agrees.

Accordingly, it is now

**ORDERED**:

(1) Defendants' Objection is overruled.

(2) The Report and Recommendation of the Magistrate Judge (Doc. 27) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(3) Defendants' Motion to Stay Proceedings and to Establish Procedure to Determine Amount of Attorneys' Fees (Doc. 17) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on January 31, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Julie S. Sneed
Counsel of Record