UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL W. KENNY,

    Plaintiff,

v.                                                                                   Case No: 8:18-cv-2231-T-36JSS

CRITICAL INTERVENTION SERVICES,
INC. and KARL C. POULIN,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court in accordance with the Court's order scheduling mediation. (Dkt. 34.) On March 21, 2019, a mediation conference was held with the undersigned serving as mediator. On March 22, 2019, the undersigned issued a Mediation Report stating that the parties reached a settlement and that a report and recommendation would be issued recommending approval of the settlement. (Dkt. 42). For the reasons stated below, the undersigned now recommends approval of the parties' settlement.

## BACKGROUND

On September 10, 2018, Plaintiff filed a Complaint against Defendants, Critical Intervention Services, Inc. ("CIS"), and Karl C. Poulin, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. (Dkt. 1.) On March 21, 2019, the undersigned conducted a settlement conference. At the conclusion of the settlement conference, the parties reached a settlement of the FLSA claim for damages and attorney's fees.

## ANALYSIS

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit held that, unless supervised or brought by the Secretary of Labor, the settlement of an

FLSA claim can only have binding, res judicata effect if the settlement is the product of adversarial litigation and is approved by the court. Thus, as the Eleventh Circuit explained, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946). However, where the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement. *See Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) (noting that *Lynn's Food* "addresses judicial oversight of 'compromises' of FLSA claims. . . . There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation."). Thus, "[i]f judicial scrutiny confirms that the parties' settlement involves no compromise [of the employee's claim], the district court should approve the settlement and dismiss the case (if the employer has paid) or enter judgment for the employee (if the employer has not paid)." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350 (M.D. Fla. 2010) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1247 (M.D. Fla. 2010)).

Based on the extended arms-length discussions with the parties in this case, which reflect that both parties were well advised by competent counsel and fully informed as to the appropriate circumstances and considerations, the undersigned finds that the settlement of the wage claim does not represent a compromise of Plaintiff's claims within the meaning of *Lynn's Food*. Specifically, the settlement agreed to in this case represents the full amount of damages to which Plaintiff would be entitled if he prevailed against Defendants under the FLSA. Under the settlement, Defendants have separately agreed to pay Plaintiff's attorney's fees as part of a full resolution of Plaintiff's

claims.  Because the settlement agreed to does not represent a compromise under *Lynn's Food*, there is no need for judicial scrutiny of the settlement.  The undersigned therefore recommends that the parties' settlement be approved as a fair and reasonable resolution of a bona fide dispute under the FLSA.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 n. 6 (M.D. Fla. 2009) ("If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement.").

In addition, courts in the Middle District of Florida have recognized that where a plaintiff will receive all of the FLSA compensation arguably due, "the amount of attorney's fees and costs paid under the Settlement Agreement cannot have tainted the amount Plaintiff agreed to accept to settle the case." *Grissam v. Ranraj Singh Dhanju I, Inc.*, No. 616CV1368ORL41KRS, 2016 WL 7223299, at *2 (M.D. Fla. Sept. 22, 2016), *report and recommendation adopted*, No. 616CV1368ORL41KRS, 2016 WL 7210946 (M.D. Fla. Dec. 13, 2016).  In such cases, where the attorney's fees agreed to have not impacted the plaintiff's receipt of all damages due under the FLSA, the Court need not consider whether the attorney's fees agreed to were reasonable.  *See Caamal v. Shelter Mortg. Co.*, No. 6:13-CV-706-ORL-36, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013) ("[B]ecause Caamal will receive all of the FLSA compensation arguably due, the Court need not consider whether the attorney's fees paid under the settlement agreement are reasonable because they did not 'taint' the amount Caamal agreed to accept to settle the case.").

Here, Plaintiff will receive all of the damages which he would arguably be due if he prevailed at trial.  As a result, the amount of attorney's fees and costs paid under the parties' settlement agreement has not tainted the amount Plaintiff agreed to accept to settle the case.  In addition, the attorney's fees and costs that Defendants will pay were agreed upon separately and without regard to the amount to be paid to Plaintiff.  This circumstance is another indication that

the agreed-upon attorney's fees and costs have not impacted the fairness of the settlement. *See Grissam*, 2016 WL 7223299, at *2 n. 4 (noting that the representation that the parties had separately agreed on the amount of attorney's fees and costs was "another indication that the agreed-upon attorney's fees and costs do not undermine the fairness of the Settlement Agreement"). Accordingly, the Court need not scrutinize the settlement further to consider whether the attorney's fees and costs to be paid are reasonable. *Id.* at *2. The undersigned therefore respectfully recommends that the Court approve the parties' settlement of Plaintiff's wage and hour claim and dismiss this action with prejudice, retaining jurisdiction to enforce any issues arising from implementation of the agreed settlement.

Accordingly, it is

**RECOMMENDED**:

1. The parties' settlement of Plaintiff's wage and hour claim, as recorded on the record at the conclusion of the Settlement Conference, be **APPROVED** as a "fair and reasonable" resolution of Plaintiff's FLSA claim.

2. The Consent Final Judgment attached as Exhibit A be **APPROVED**.

3. The case be **DISMISSED** with prejudice while retaining jurisdiction to enforce the terms of the parties' agreed settlement.

**IT IS SO REPORTED** in Tampa, Florida on May 22, 2019.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


Copies furnished to:
The Honorable Charlene Honeywell
Counsel of Record